ELLIS, Judge:
This is a suit by David A. Spring against Stevens Ready-Mix Concrete, Inc. for damages arising out of the alleged breach of a contract to pour a concrete slab for a patio. Stevens reconvened for the price of concrete delivered to plaintiff. After trial on the merits, judgment was rendered in favor of Stevens, dismissing plaintiff’s demand, and granting judgment against plaintiff on the reconventional demand. From that judgment, plaintiff has appealed.
Plaintiff and his wife wanted a concrete patio in the yard of their home, and obtained a design for it from an architect. Mrs. Spring met Buddy Ryan, a salesman for Stevens, at a friend’s house, and he solicited the concrete business from her. Subsequently, Mr. Ryan went to plaintiff’s home and reviewed the plans. According to Mrs. Spring, he offered to subcontract the job, and have the forms put in and the concrete poured and finished. Mr. Ryan denied that he ever made any such offer, although he admitted that he did give a rough estimate as to the cost of the whole job, and offered to get men to do the form work and the finishing. He stated that these men were to be paid directly by plaintiff.
Plaintiff decided to have the foundation and form work done by someone else. When this work was done, Stevens was notified. Mr. Ryan arranged for a concrete finisher to go to their home, and two loads of concrete of six cubic yards each were delivered and poured. Before the finishing work was done, there was a heavy rain, and much of the wet concrete was washed away.
According to plaintiff, the concrete finisher came back two days later, and another load of four cubic yards of concrete was delivered. Plaintiff and his wife both deny having ordered this concrete. There is no testimony as to who might have done so. Plaintiff and his wife testified that the concrete finisher said that the job was ruined and could not be completed properly. Plaintiff then refused to accept the four yards of concrete.
Mr. Ryan testified that no one said that the job was ruined, and that the finisher was prepared to complete the job, but that plaintiff refused to let him do so.
Subsequently, the job was completed, in a different fashion from that originally planned, at an alleged additional cost of about $1,600.00, for which plaintiff is suing herein. The concrete first poured was utilized in the patio as eventually completed.
Mr. Roland Stevens, Jr., a representative of the defendant, testified that it is in the business of selling concrete, and that none of its salesmen are permitted to enter into contracts for anything other than concrete sales. He testified that the salesmen do suggest the names of concrete finishers, who are employed and paid directly by the customer.
It is plaintiff’s position that Stevens is bound by the representations of its employee, Mr. Ryan, who agreed to supervise the installation of the patio and see that it was done correctly. It is claimed that, in delivering the concrete at a time when there was a definite threat of rain, and in not supervising the job, he breached the contract, and defendant should be liable for the damages arising therefrom. It is also claimed that the concrete finisher was selected by Stevens and sent to the job with no alternative choice of finishers being given to plaintiff. It is claimed that Stevens is therefore responsible for any mistakes or errors of judgment made by him.
The trial judge found that the concrete finisher was in charge of the pouring, and that he decided when and where to pour, and ordered the concrete. He also found that Stevens did not have the right of control and supervision over him, had no duty to pay his wages, and did not have the right to dismiss him. He found that Stevens only contracted to furnish the concrete and supervise the delivery thereof.
Ranzell Gray, the concrete finisher, did not testify. Roland Stevens, Jr., representing the defendant, testified as to the customary way of doing business, but had no independent knowledge of the Spring transaction. Buddy Ryan, who was no longer in *258 the employ of Stevens at the time of the trial, stated that Mrs. Spring called him on Monday, June 9,1975, and told him that the form was ready. Because of the threat of rain that day, Mr. Ryan did not send out the concrete. The next day, June 10th, Mr. Ryan called Mrs. Spring at 6:30 or 7:30 a. m. and told her that he was going to have the cement trucks at her home that day and that he would send the finisher out.
This testimony coincides with that of Mrs. Spring on the point of who ordered the concrete sent out. There is no testimony to the contrary. Therefore, the conclusion of the district judge that Mr. Gray “decided when and where to pour, and ordered the concrete” is manifestly erroneous, since there is no testimony in the record to that effect.
Mrs. Spring testified, without contradiction, that there was a 60% chance of rain in the weather forecast for June 9th, when Mr. Ryan would not deliver the concrete, and a 60% chance on June 10th, when he sent the concrete out. Mr. Stevens testified that, when rain was expected, it was the practice to warn customers of that possibility and then to send the concrete if the customer still wanted it. It is unrebutted that no such warning was given in this case.
As we view the case, the question presented is not one of Mr. Ryan’s apparent authority to bind his principal, but rather who is to bear the responsibility for Mr. Ryan’s error in judgment in sending out the concrete when there was a better than even chance of rain, or his failure to warn Mrs. Spring of the danger of making a pour under those conditions. Considering the fact that Mrs. Spring was totally unfamiliar with handling concrete, and the conditions under which it should be poured, we believe that the responsibility must rest with the defendant, whose representative was aware of the risk involved, and who failed to warn Mrs. Spring thereof.
Dr. Spring testified that it cost him $2,317.22 to have the job properly completed. Since the first 12 yards of concrete delivered by defendant was utilized, a credit should be given for this amount, as well as for the $325.00 which Mr. Gray would have received for finishing the original job, for which plaintiff would have had to pay in any event. Plaintiff has therefore been damaged to the extent of $1,610.84, for which he is entitled to judgment.
The judgment appealed from is therefore reversed and set aside and there will be judgment herein in favor of plaintiff, David A. Spring, and against defendant, Stevens Ready-Mix Concrete, Inc. in the sum of $1,610.84, together with legal interest from date of judicial demand until paid, and all costs of these proceedings.
REVERSED AND RENDERED.